FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ FEB 17 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

No. 01-CV-3285 (JBW)

IN RE: LUXOTTICA GROUP S.P.A. ) FINAL JUDGMENT AND ORDER
SECURITIES LITIGATION ) OF DISMISSAL WITH PREJUDICE
)

JACK B. WEINSTEIN, Senior District Judge:

On the 9th day of February 2006, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the partial settlements set forth in the stipulations of settlement between and among the following:

(i) the Lead Plaintiff (on behalf of itself and each and every Class Member) (collectively "Plaintiffs"), by and through their counsel of record in the Litigation, and James N. Hauslein, Rohit M. Desai, John H. Duerden, Robert C. Grayson, Michael McCadden and William E. Phillips (collectively, the "Sunglass Hut Defendants") dated July 20, 2005 (the "Sunglass Hut Stipulation"); and

(ii) Plaintiffs and Luxottica Group S.p.A., Sunglass Hut International Inc. (formerly known as and named in the Litigation as Shade Acquisition Corporation ("Shade")) and Leonardo Del Vecchio, (collectively "the Luxottica Defendants", collectively with the Sunglass Hut Defendants, the "Defendants", and collectively with the Lead Plaintiffs the "Settling Parties"), dated November 11, 2005 (the "Luxottica Stipulation" and, collectively with the Sunglass Hut Stipulation, the "Stipulations")

are fair, reasonable, and adequate for the settlement of all claims asserted on behalf of the Members of the Class against the Defendants in the Second Amended Complaint, and any and all other claims asserted in the cases consolidated under the above caption, including the release

1

of the Released Persons (as defined in the Stipulations) and the Released Claims (as defined in the Stipulations), and should be approved;

(2) whether judgment should be entered dismissing all claims asserted against the Defendants on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Class herein who have not requested exclusion therefrom;

(3) whether to approve the Plan of Allocation (as described in the Stipulations) as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; and

(4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it before and at the hearing, and otherwise, and (i) it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable as Members of the Class, except those persons or entities excluded from the definition of the Class, as shown by the records of Sunglass Hut's transfer agent, at the respective addresses set forth in such records; (ii) that summary notices of the hearing substantially in the form approved by the Court were published in *The Wall Street Journal* and *The New York Times* as directed by the Court; and (iii) the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulations and all terms used herein shall have the same meanings as set forth in the Stipulations, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court approves the partial settlements set forth in the Stipulations and finds that the partial settlements are, in all respects, fair, reasonable, and adequate to the Class.

4. No objection to the terms of the settlements and dismissal of the Litigation pursuant to the Stipulations has been made by any Member of the Class.

5. No Member of the Class having validly and timely requested exclusion from the Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulations) the Litigation against the Defendants.

6. The Court finds that the Stipulations and the settlements are fair, reasonable, and adequate as to each of the Defendants and to the Class, and that the Stipulations and the settlements are hereby finally approved in all respects, and the Defendants and Class are directed to perform according to the terms of the Stipulations.

7. Upon the Effective Date, the Releasing Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any and all Released Claims, including Unknown Claims, against Released Persons regardless of whether or not such Releasing Party executes and delivers a Proof of Claim and Release.

8.  Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, whether known or unknown, whether accrued or unaccrued, whether suspected or unsuspected, whether concealed or hidden, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiff, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the settlement).

9.  Nothing in the Stipulations or this Judgment releases any claims the Luxottica Defendants may have against their insurance carrier.

10.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court previously certified this action as a class action on behalf of all Persons whose shares of Sunglass Hut common stock were tendered and accepted pursuant to the Tender Offer of March 5, 2001, which provided for a cash payment of $11.50 per share. Excluded from the Class are the Defendants, members of the immediate family of each Individual Defendant, any entities in which any Defendant has a majority ownership, and the legal representatives, heirs, successors, predecessors in interest, or assigns of any Defendant.

11.  The Notice of Pendency of Class Action and Proposed Partial Settlement, and Hearing Thereon ("First Notice"), and the Notice of Proposed Partial Settlement with the Luxottica Defendants and Hearing Thereon ("Second Notice"), the First Notice and the Second Notice

being collectively referred to herein as the "Notices", were the best notices practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to notice.

12. The Plan of Allocation as set forth in the Stipulations is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the settlements according to the terms and provisions of the Stipulations.

13. Lead Counsel is hereby awarded $2,181,250, plus a proportionate share of the interest earned, from the Gross Settlement Fund in the Stipulations in fees, which the Court finds to be fair and reasonable, and $296,818.82 in reimbursement of expenses, plus a proportionate share of the interest earned. The attorneys' fees and expenses awarded shall be paid to Lead Counsel from the sum of the Settlement Funds in the Stipulations (the "Settlement Funds") with interest from the date such Settlement Funds were funded to the date of payment at the same net rate that the Settlement Funds earn. The fees and expenses shall be paid to Lead Counsel out of the Settlement Funds, as provided in the Stipulations, and shall be divided among present and prior plaintiff's counsel in accordance with the agreement set forth in the motion papers for an award of fees and expenses. All fees and expenses paid to Lead Counsel shall be paid pursuant to the

5

timing requirements described in paragraph 6.2 of the Luxottica Stipulation. The Defendants, upon payment of the Settlement Amounts as provided in the Stipulations, shall have no liability to pay or reimburse any of the fees or expenses sought by, or awarded to, Lead Counsel or any other counsel for the Class or Members of the Class.

14. Neither the Stipulations nor the settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulations or the settlements: (a) are or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any Defendant; or (b) are or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants may file the Stipulations and/or this Judgment in any other action that may be brought against any of the Defendants in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlements described in the Stipulations and any award or distribution of the Settlement Funds, including interest earned thereon; (b)

disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation (provided that the Defendants, upon payment of the Settlement Amounts as provided in the Stipulations, shall have no liability to pay or reimburse any of the fees or expenses sought by, or awarded to, Lead Counsel or any other counsel for the Class or Members of the Class); and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulations.

17. In the event that the settlements described in the Stipulations do not become effective in accordance with the terms of the Stipulations, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations and shall be vacated and, in such event, 7.3 of both Stipulations and 7.4 of the Sunglass Hut Defendants Stipulation shall be in effect, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations.

18. Class Counsel, as the Escrow Agent, shall not disburse the Settlement Funds until (a) the Effective Date, and (b) the Court shall have entered an order directing the disbursement of the Settlement Funds. Counsel for the Defendants shall be given five business days' notice before the Court is moved for an order directing the disbursement of the Settlement Funds. The Settlement Funds shall be disbursed only as provided for in the Stipulations and any order of the Court.

19. No Person shall have any claim against Plaintiffs' Counsel or any claims administrator, or any Defendant, their Counsel or their insurers, based on distributions made substantially in accordance with the Stipulations and the settlements, the Plan of Allocation, or further order of

the Court.

20. The Claims Administrator shall furnish copies of all releases signed by the claimants to the Defendants within a reasonable time of making disbursement of the Settlement Fund. The Defendants shall keep the copies of the releases confidential and use them only as necessary to enforce the terms of the Settlements and/or releases against Members of the Class.

SO ORDERED.

Jack B. Weinstein
United States Senior District Judge

Dated: February 9, 2006
 Brooklyn, New York

**EXHIBIT B**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ FEB 1 0 2006 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re LUXOTTICA GROUP S.p.A. SECURITIES LITIGATION | No. CV 01-3285 (JBW) (MDG) |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On the 9th day of February 2006, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the partial settlements set forth in the stipulations of settlement between and among the following:

(i) the Lead Plaintiff (on behalf of itself and each and every Class Member) (collectively "Plaintiffs"), by and through their counsel of record in the Litigation, and James N. Hauslein, Rohit M. Desai, John H. Duerden, Robert C. Grayson, Michael McCadden and William E. Phillips (collectively, the "Sunglass Hut Defendants") dated July 20, 2005 (the "Sunglass Hut Stipulation"); and

(ii) Plaintiffs and Luxottica Group S.p.A., Sunglass Hut International Inc. (formerly known as and named in the Litigation as Shade Acquisition Corporation ("Shade")) and Leonardo Del Vecchio, (collectively "the Luxottica Defendants", collectively with the Sunglass Hut Defendants, the "Defendants", and collectively with the Lead Plaintiffs the "Settling Parties"), dated November 11, 2005 (the "Luxottica Stipulation" and, collectively with the Sunglass Hut Stipulation, the "Stipulations");



are fair, reasonable, and adequate for the settlement of all claims asserted on behalf of the Members of the Class against the Defendants in the Second Amended Complaint, and any and all other claims asserted in the cases consolidated under the above caption, including the release of the Released Persons (as defined in the Stipulations) and the Released Claims (as defined in the Stipulations), and should be approved;

(2) whether judgment should be entered dismissing all claims asserted against the Defendants on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Class herein who have not requested exclusion therefrom;

(3) whether to approve the Plan of Allocation (as described in the Stipulations) as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; and

(4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it before, at the hearing and otherwise, and (i) it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable as Members of the Class, except those persons or entities excluded from the definition of the Class, as shown by the records of Sunglass Hut's transfer agent, at the respective addresses set forth in such records; (ii) that a summary notice of the hearing substantially in the form approved by the Court were published in *The Wall Street Journal* and *The New York Times* as directed by the Court; and (iii) the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulations and all terms used herein shall have the same meanings as set forth in the Stipulations, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the partial settlements set forth in the Stipulations and finds that the partial settlements are, in all respects, fair, reasonable, and adequate to the Class.

4. No objection to the terms of the settlements and dismissal of the Litigation pursuant to the Stipulations has been made by any Member of the Class.

5. No Member of the Class having validly and timely requested exclusion from the Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulations) the Litigation against the Defendants.

6. The Court finds that the Stipulations and the settlements are fair, reasonable, and adequate as to each of the Defendants and to the Class, and that the Stipulations and the settlements are hereby finally approved in all respects, and the Defendants and Class are directed to perform according to the terms of the Stipulations.

7. Upon the Effective Date, the Releasing Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any and all Released Claims, including Unknown Claims, against Released Persons regardless of whether or not such Releasing Party executes and delivers a Proof of Claim and Release.

8. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims (including, but not limited to, Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, whether known or unknown, whether accrued or unaccrued, whether suspected or unsuspected, whether concealed or hidden, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiff, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the settlement).

9. Nothing in the Stipulations or this Judgment releases any claims the Luxottica Defendants may have against their insurance carrier.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court previously certified this action as a class action on behalf of all Persons whose shares of Sunglass Hut common stock were tendered and accepted pursuant to the Tender Offer of March 5, 2001, which provided for a cash payment of $11.50 per share. Excluded from the Class are the Defendants, members of the immediate family of each Individual Defendant, any entities in which any Defendant has a majority ownership, and the legal representatives, heirs, successors, predecessors in interest, or assigns of any Defendant.

11. The Notice of Pendency of Class Action and Proposed Partial Settlement, and Hearing Thereon ("First Notice"), and the Notice of Proposed Partial Settlement with the Luxottica Defendants and Hearing Thereon ("Second Notice"), the First Notice and the Second Notice being collectively referred to herein as the "Notices", were the best notices practicable

under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled ~~thereto.~~ to notice, ~~of the settlement~~ ~~of the steps~~

12. The Plan of Allocation as set forth in the Stipulations is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to ~~administer~~ the (proceed according to later) terms of the Stipulations ~~in accordance with its terms~~ and provisions.

13. Lead Counsel is hereby awarded $2,181,250, plus a proportionate share of the interest earned, from the Gross Settlement Fund in the Stipulations in fees, which the Court finds to be fair and reasonable, and $296,818.82 in reimbursement of expenses, plus a proportionate share of the interest earned. The attorneys' fees and expenses awarded shall be paid to Lead Counsel from the sum of the Settlement Funds in the Stipulations (the "Settlement Funds") with interest from the date such Settlement Funds were funded to the date of payment at the same net rate that the Settlement Funds earn. The fees and expenses shall be paid to Lead Counsel out of the Settlement Funds, as provided in the Stipulations, and shall be divided among plaintiffs' counsel in accordance with the agreement set forth in the motion papers for an award of fees and expenses. All fees and expenses paid to Lead Counsel shall be paid pursuant to the timing requirements described in paragraph 6.2 of the Luxottica Stipulation. The Defendants, upon payment of the Settlement Amounts as provided in the Stipulations, shall have no liability to pay

or reimburse any of the fees or expenses sought by, or awarded to, Lead Counsel or any other counsel for the Class or Members of the Class.

14. Neither the Stipulations nor the settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulations or the settlements: (a) are or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any Defendant; or (b) are or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants may file the Stipulations and/or this Judgment in any other action that may be brought against any of the Defendants in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlements described in the Stipulations and any award or distribution of the Settlement Funds, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation (provided that the Defendants, upon payment of the Settlement Amounts as provided in the Stipulations, shall have no liability to pay or reimburse any of the

fees or expenses sought by, or awarded to, Lead Counsel or any other counsel for the Class or Members of the Class); and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulations.

17. In the event that the settlements described in the Stipulations do not become effective in accordance with the terms of the Stipulations, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations and shall be vacated and, in such event, 7.3 of both Stipulations and 7.4 of the Sunglass Hut Defendants Stipulation shall be in effect, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations.

18. Class Counsel, as the Escrow Agent, shall not disburse the Settlement Funds until (a) the Effective Date hereof, and (b) the Court shall have entered an order directing the disbursement of the Settlement Funds. Counsel for the Defendants shall be given five business days' notice before the Court is moved for an order directing the disbursement of the Settlement Funds. The Settlement Funds shall be disbursed only as provided for in the Stipulations and any order of the Court.

19. No Person shall have any claim against Plaintiffs' Counsel or any claims administrator, or any Defendant, their Counsel or their insurers, based on distributions made substantially in accordance with the Stipulations and the settlements contained herein, the Plan of Allocation, or further orders of the Court.

20. The Claims Administrator shall furnish copies of all releases signed by the claimants to the Defendants within a reasonable time of making disbursement of the Settlement Fund. The Defendants shall keep the copies of the releases confidential and use them only as necessary to enforce the terms of the Settlements and/or releases against Members of the Class.

IT IS SO ORDERED.

DATED: February 9, 2006

                                    _____
                                    THE HONORABLE JACK B. WEINSTEIN
                                    UNITED STATES DISTRICT JUDGE